FILED

MAY 15 2013

CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | SEALED |
| | ) | Magistrate No. EP:13-MC-166-ATB |
| EXTRADITION OF: | ) | |
| | ) | COMPLAINT FOR |
| RAMON ALIRE HURTADO, | ) | EXTRADITION FOR |
| | ) | THE EXECUTION |
| | ) | OF A SENTENCE |
| _____ ) | ) | (18 U.S.C. § 3184) |

I, Robert Almonte II, the undersigned Assistant United States Attorney, being duly sworn, depose and state that I am an Assistant United States Attorney for the Western District of Texas, state on information and belief that the following is true and correct:

1. In this matter I act for and on behalf of the Government of Mexico (the requesting state);

2. There is an extradition treaty in force between the United States and Mexico, 31 U.S.T. 5059, TIAS 9656;

3. In accordance with Article 11 of the extradition treaty, the Government of Mexico has asked the United States through diplomatic channels for the provisional arrest of RAMON ALIRE HURTADO, (hereinafter "ALIRE HURTADO"), for the purpose of extradition to complete a sentence imposed following his conviction of Aggravated Homicide with Undue Advantage and Asphyxiation;

4. According to the information provided by the requesting state in the form authorized by the extradition treaty, ALIRE HURTADO is wanted to serve a sentence for Aggravated Homicide with Undue Advantage and Asphyxiation in the State of Chihuahua,

Mexico, in violation of Articles 192, 194 and 210, Sections I and IV of the Penal Code of the State of Chihuahua, as part of Criminal Case Number 195/95 and Appellate Case Number 108/2010.

5.   As set forth in Diplomatic Notes 02921 dated April 25, 2006, and 07579 dated December 4, 2012, the facts of the case for which extradition is sought are as follows:

## FACTUAL BACKGROUND

On May 2, 1993, in Ciudad Juarez, Chihuahua, ALIRE HURTADO strangled and murdered Yolanda Alvarez Equihua (hereinafter "Alvarez Equihua").

In the sworn statement of Sara Rodriguez Angel (hereinafter "Rodriguez Angel"), the deponent told the authorities that on May 2, 1993 she traveled with Rosa Maria Ramirez Villasenor (hereinafter "Ramirez Villasenor") to accompany Alvarez Equihua who would deliver several suitcases of Marihuana to ALIRE HURTADO to his home in Ciudad Juarez, Chihuahua.  After the shipment of Marijuana was delivered, Rodriguez Angel, Ramirez Villasenor and Victor, a friend of ALIRE HURTADO, went to El Noa Noa bar. They left the bar at approximately 3:00 a.m., and returned to ALIRE HURTADO's home and, upon entering, Rodriguez Angel saw Arturo Garcia (hereinafter "Garcia"), another friend of ALIRE HURTADO, was in the living room of the home and that his clothes were covered in blood.  Garcia was also subduing Alberto Torres (hereinafter "Torres"), Alvarez Equihua's nephew-in-law.  Rodriguez Angel then went into one of the bedrooms and saw Alvarez Equihua on the floor, bloodied and badly beaten.  Rodriguez Angel then ran to the telephone to call for help, but ALIRE HURTADO threatened her with a knife.

Rodriguez Angel returned to the bedroom and knelt next to Alvarez Equihua's body and was able to hear that she was struggling to breathe.  Moments later, Garcia entered the

bedroom with a knife in his hand and told her Rodriguez Angel to plunge it into Alvarez Equihua's body. When Rodriguez Angel refused, Garcia repeatedly kicked Alvarez Equihua in her face and body until she stopped breathing. Garcia and Juvenal Ramirez wrapped Alvarez Equihua's body in a blanket and put her into a gold Ford Taurus station wagon parked outside the ALIRE HURTADO's house. Rodriguez Angel did not know where they took Alvarez Equihua's body. Once Alvarez Equihua's body was removed, ALIRE HURTADO told Rodriguez Angel that he killed her because she was a witch.

In the sworn statement of Ramirez Villasenor, she told authorities that when she returned to ALIRE HURTADO's house, Ramirez Villasenor saw ALIRE HURTADO had a knife in his right hand and he held Rodriguez Angel with his left hand. ALIRE HURTADO told them "No one leaves here unless you are dead". After Alvarez Equihua's body was removed, ALIRE HURTADO told them that he had killed Alvarez Equihua because she was a witch. ALIRE HURTADO then threatened to kill all of them if they told anyone what had occurred.

Alvarez Equihua's body was discovered on a vacant lot in the Colonia Satelite development in Cuidada Juarez, in the State of Chihuahua. Her body was wrapped in a blanket and displayed visible signs of trauma from the head to thorax. It was further determined that not all the injuries were caused by hand. The autopsy certificate concluded that Alvarez Equihua's cause of death was asphyxiation by strangulation.

## PROCEDURAL BACKGROUND

On August 16, 1995, the Sixth Judge in Criminal Matters of the Judicial District of Bravos in Ciudad Juarez, in the State of Chihuahua, issued an arrest warrant for ALIRE HURTADO charging him with Homicide. The United States, pursuant to its obligations

under the United States/Mexico Treaty, filed a complaint on December 18, 2007, seeking ALIRE HURTADO's arrest with a view toward extradition. On January 26, 2009, ALIRE HURTADO was certified extraditable by a U.S. District Court for the Western District of Texas, and was surrendered to Mexico to stand trial on March 25, 2009. (See attached Certification of Extraditability and Order of Commitment).

On August 20, 2010, the Clerk of the Sixth Court for Criminal Matters of the Judicial District of Bravos, in the State of Chihuahua, issued a ruling in Criminal Case Number 195/95 filed against ALIRE HURTADO acquitting him of the charge of Aggravated Homicide with Undue Advantage and Asphyxiation.

The Public Prosecutor for the State of Chihuahua appealed of ALIRE HURTADO's acquittal before the First Chamber for Criminal Matters of the Superior Court of Justice of the State of Chihuahua.[1] On January 31, 2011, the Magistrate of the First Change for Criminal Matters of the Superior Court of the State of Chihuahua ruled that ALIRE HURTADO is criminally responsible for having committed the crime of Aggravated Homicide with Undue Advantage and Asphyxiation, and imposed a sentence of 23 years and 9 months in accordance with Articles 192, 194 and 210, Sections I and IV of the Penal Code of the State of Chihuahua. Additionally, the appeals court ruled that ALIRE HURTADO has already served one year, 11 months and 10 days of his sentence. In compliance with the ruling issued by the First Chamber for Criminal Matters of the Superior Court of Justice of the State of Chihuahua, the Sixth Court for Criminal Matters of the Judicial District of Bravos issued an arrest warrant against ALIRE HURTADO. A term of 21 years, nine months and 20 days remains on ALIRE HURTADO's sentence of

---

[1]    Unlike the United States, in Mexico the prosecution can appeal an acquittal of charges in a criminal case.

conviction.

6. Homicide is an extraditable offense under Article 2, Appendix Item 1, of the Extradition Treaty between the United States and Mexico.

7. ALIRE HURTADO is a United States citizen, born on June 5, 1970. He is approximately 5 feet, 10 inches, and is believed to be located in your district.

WHEREFORE, the undersigned complainant requests that a warrant for the arrest of RAMON ALIRE HURTADO be issued in accordance with Title 18, United States Code, Section 3184, and the Extradition Treaty between the United States and Mexico; and that, if on such hearing, the Court deems the evidence sufficient under the provisions of the treaty to sustain the charges, the Court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of RAMON ALIRE HURTADO to the appropriate authorities of Mexico according to the stipulations of the treaty; and for such other actions as the Court at the time may be required to take under the provisions of the treaty and the laws of the United States.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

_____
Assistant United States Attorney

SWORN TO before me and subscribed in my presence this 15th day of May, 2013 at El Paso, Western District of Texas.

_____
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 27 2009
CLERK, U.S. DISTRICT
WESTERN DISTRICT
BY_____
DEPUTY

IN THE MATTER OF THE        }
EXTRADITION OF              }
RAMON ALIRE HURTADO         }     Crim. No. SA-07-M-789 NSN
                            }

## CERTIFICATION OF EXTRADITABILITY
## AND
## ORDER OF COMMITMENT

The Court received the complaint filed on December 18, 2007, by the Assistant United States Attorney for the Western District of Texas, for and on behalf of the Government of Mexico, pursuant to that Government's request for the extradition of RAMON ALIRE HURTADO. That complaint requested that the Court issue an arrest warrant for the arrest of RAMON ALIRE HURTADO with a view towards extradition. RAMON ALIRE HURTADO was arrested based on the above-mentioned complaint.

On January 12, 2009, the Court conducted an extradition hearing at which the authenticated documents submitted by the Government of Mexico were received into evidence. RAMON ALIRE HURTADO appeared with counsel. RAMON ALIRE HURTADO provided argument that the government's submission does not support a finding of probable cause. ALIRE HURTADO also argued that the statute of limitations has run and precludes this court from issuing a certificate of extraditability.

The Court has reviewed the evidence submitted by the government, as well as the arguments of ALIRE HURTADO . Based on that review, the Court finds that:

1.   The undersigned judicial officer is authorized under Title 18, United States Code, Section

AO386-C
GOVERNMENT
EXHIBIT
Attachment
CASE NO.
EXHIBIT NO. 1

1

A true copy of the original, I certify.
Clerk, U. S. District Court
By: _____ Deputy

3184, to conduct an extradition hearing.

2. The Court has personal jurisdiction over RAMON ALIRE HURTADO and subject matter jurisdiction over the case.

3. There is currently in force an extradition treaty between the Government of the United States and the Government of Mexico. The Treaty was signed on May 4, 1978 and went into effect on January 25, 1980, 31 U.S.T. 5059. Gregory B. Wierzynski, Attorney Adviser, Office of the Legal Adviser, Department of State, United States of America, provided a declaration attesting that the Extradition Treaty is in full force and effect between the United States and Mexico. This declaration was properly sealed by the then Secretary of State, Condoleezza Rice.

4. RAMON ALIRE HURTADO has been charged in the State of Chihuahua with homicide, as covered by and punishable under Article 192 of the Penal Code of the State of Chihuahua. On August 16, 1995, the Sixth Judge in Criminal Matters of the Judicial District of Bravos in Ciudad Juarez, Chihuahua issued a warrant for the arrest of RAMÓN ALIRE HURTADO in criminal case number 195/95.

5. This charge constitutes an extraditable offense within the meaning of Article 2(1), Appendix Item 1, of the Treaty. As Gregory B. Wierzynski, Attorney Adviser, Office of the Legal Adviser, Department of State, states in his declaration, "the acts for which extradition is sought are punishable in accordance with the laws of both contracting parties by deprivation of liberty for a period of at least one year, and are covered under Article 2 of the Treaty and by the Appendix to the Treaty."

6. The requesting state seeks the extradition of RAMON ALIRE HURTADO for trial for this offense.

7.   There is probable cause to believe that RAMON ALIRE HURTADO committed the offense for which extradition is sought. A summary of facts underlying the alleged offense, as taken from the formal extradition documentation submitted by Mexico, is as follows:

As set forth in Diplomatic Note 02921 dated April 25, 2006, according to witness testimony, the victim, Yolanda Alvarez Equihua, transported drugs for RAMÓN ALIRE HURTADO (hereinafter "ALIRE HURTADO"). On April 28, 1993, Yolanda traveled with two friends – Sara Rodriguez Angel and Rosa Maria Ramirez Villasenor – from her home in Michoacan to Ciudad Juarez in order to collect payment from ALIRE HURTADO for a previous delivery of marijuana. After having stayed first at a hotel, ALIRE HURTADO invited all three women to stay at his home.

On May 2, 1993, a group of people, including ALIRE HURTADO, Yolanda, Sara and Rosa, left ALIRE HURTADO's house in a gold Ford Taurus van to go to the sports center "La Rosita." ALIRE HURTADO was driving. On the way home, ALIRE HURTADO and three other men accompanied Yolanda back to ALIRE HURTADO's house while Sara, Rosa and a man named Victor went to a night club. ALIRE HURTADO and the three men arrived at the night club later, but left the club before Sara, Rosa, and Victor.

According to the testimony of Sara and Rosa, upon returning to the house early in the morning hours of May 3, 1993, Sara noticed two of the men who had gone to the club with them, Alberto Torres and Juvenal Ramirez Villasenor, arguing with ALIRE HURTADO and Garcia. Sara and Rosa noticed blood stains on the clothes of ALIRE HURTADO and others. Yolanda was in another bedroom lying on the ground severely beaten and having difficulty breathing. Having witnessed this, Sara attempted to call an ambulance but ALIRE HURTADO would not

3

let her and threatened her with a knife. ALIRE HURTADO locked the door to his house and ordered everyone present not to say anything about what they were witnessing. Arturo Garcia, the third man who had accompanied ALIRE HURTADO and Yolanda in the car, kicked Yolanda twice in the face and ordered Sara to kill Yolanda with a knife. Sara refused and left the room. Moments later, Arturo Garcia emerged and said that the witch was dead. ALIRE HURTADO directed others to dispose of Yolanda's body. Arturo Garcia and another man took the corpse from the house, put it into the Ford Taurus van, and drove off. ALIRE HURTADO admitted to Rosa that he had killed Yolanda because he thought she was a witch who had put a spell on him. Later in the morning of May 3, 1993, Yolanda's body was found along a local highway. An autopsy showed that the cause of death was asphyxiation by strangling.

Based on the foregoing findings, the Court concludes that the extradition packet sets out probable cause that Yolanda's death was a homicide and that ALIRE HURTADO was a direct participant in the crime.

8.   The extradition treaty provides that "Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested Party." Prosecution was initiated in June 1995 and an arrest warrant for ALIRE HURTADO was issued in August 1995 for the criminal offense which is alleged to have occurred in 1993. If this offense had been charged in the United States, as a capital crime or not, the prosecution would not be barred by lapse of time.[1]

---

[1] 18 U.S.C. §3281(no statute of limitations for capital offenses) and §3282(a) (5-year statute of limitations for non-capital offenses).

4

Nor is prosecution barred by the laws of Mexico. Initially the Sixth Criminal District Court for Chihuahua in Cause No. 195/95 ruled otherwise, concluding that the statute of limitations had expired. On appeal, the Regional Criminal Branch of State Supreme Court of Justice reversed that decision.[2] In their opinion, the appellate court determined that the statute of limitations was based on the arithmetical mean of the penalty range for simple homicide[3] (eight to twenty years), rejecting the argument of the Public Prosecutor that because of the circumstances of the victim's death, the penalty for aggravated homicide[4] (twenty to forty years) should be used to calculate the statute of limitations.[5] In rejecting that argument, the appellate court observed that neither aggravating or extenuating circumstances are taken into account in determining the specific penalty range on which the statute of limitations is calculated.[6] Having determined that <u>aggravating</u> circumstances (which potentially increased the penalty from a range of eight to twenty years up to a range of twenty to forty years) should not be considered

---

[2] Exh. 2 of Extradition Packet.

[3] Art. 193, Title 10, Criminal Code for the State of Chihuahua, found at Exh. 1 of Extradition Packet.

[4] Art. 194, Title 10, Criminal Code for the State of Chihuahua, found at Exh. 1 of Extradition Packet.

[5] Article 94, Title 5, Criminal Code for the State of Chihuahua in force at the relevant time period provided that the statute of limitations was calculated based on the arithmetical mean of the imprisonment penalty. <u>See</u> appellate decision found at Exh. 2 of Extradition Packet, unnumbered page 4. That provision appears to now be found at Article 97, Title 5, Criminal Code (Exh. 1 of Extradition Packet).

[6] Exh. 2, appellate decision, unnumbered page 5 ("...because Article 94 of the Criminal Code in force at the moment the criminal events took place provides that the arithmetic mean that shall elapse is the one for the crime in question, but in said provision were not included any of the aggravating or extenuating circumstances and it was in that way that the arrest warrant was issued....")

in calculating the statute of limitations, the appellate court implicitly ruled that <u>mitigating</u> circumstances – such as when a homicide is committed by more than one perpetrator, with the resulting diminution of the penalty range (four to ten years[7]) – should likewise not be considered when calculating the limitations period.

Stated otherwise, the appellate court determined that ALIRE HURTADO was charged under Article 192 of the Criminal Code,[8] and that neither aggravating or mitigating circumstances were to be considered in calculating the statute of limitations for the crime of simple homicide – the crime charged and the crime in question. The court concluded that the statute of limitations was based on the penalties set out in Article 193 of the Criminal Code for simple homicide,[9] resulting in a 14-year statute of limitations, and that the initiation of the criminal action suspended the limitations period until August 1995 when the arrest warrant was issued. In a statement found at Exhibit 1 of the Extradition Packet, the agent for the Public Prosecutor who processes extradition requests for the Mexican government calculated the 14-year limitations period as expiring August 16, 2009. ALIRE HURTADO does not dispute this calculation; only the premise upon which the calculation is based. For the above reasons I find that extradition is not prevented by lapse of time under the laws of either Mexico or the United States.

## CONCLUSION

---

[7] Art. 196, Title 10, Criminal Code for the State of Chihuahua, found at Exh. 1 of Extradition Packet.

[8] <u>See</u> Arrest Warrant, found at Exh. 3 of Extradition Packet, charging ALIRE HURTADO and Arturo Garcia with the crime of homicide under Article 192 of the Criminal Code.

[9] Found at Exh. 1 of Extradition Packet.

6

For the reasons stated above, I find RAMON ALIRE HURTADO is extraditable for the offense for which extradition was requested, and I CERTIFY this finding to the Secretary of State as required under Title 18, United States Code, Section 3184.

IT IS THEREFORE ORDERED that a certified copy of this Certification of Extraditability and Order of Commitment (and a copy of any documents or testimony submitted by or on behalf of RAMON ALIRE HURTADO) be forwarded without delay by the Clerk to the Secretary of State (to the attention of the Legal Adviser).

IT IS FURTHER ORDERED that RAMON ALIRE HURTADO be committed to the custody of the United States Marshal pending final disposition of this matter by the Secretary of State and surrender to designated agents of the Government of Mexico.

SO ORDERED.

**SIGNED** on January 26, 2009.

                                                  *Nancy Stein Nowak*
                                                NANCY STEIN NOWAK
                                                UNITED STATES MAGISTRATE JUDGE